UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JOSEPH E. NICHOLS, JR.,
          Petitioner,

vs.                                  Case No. 3:19-cv-184-BJD-JBT

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS, et al.,
               Respondents.

_____

## ORDER

## I.  STATUS

Petitioner, Joseph E. Nichols, Jr., is proceeding on an Amended Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Petition) (Doc. 6).   He challenges a state court (St. Johns County) conviction for sexual battery (deadly weapon or force) (count one), battery (count two), battery (count three), and burglary with assault or battery while armed (count four).   Respondents filed a Response to Petition (Response) (Doc. 9).   Petitioner filed a Reply to Respondents' Response (Reply) (Doc. 18).[1]

_____

[1] Respondents filed an Appendix (Doc. 9).   The Court hereinafter refers to the exhibits contained in the Appendix as "Ex."   The page numbers referenced are the Bates stamp numbers at the bottom of each page of the exhibit.   Otherwise, the page number on the document will be referenced.   For the Petition, Response, and Reply, the Court references the page numbers assigned by the electronic filing system.

Petitioner raises five grounds in the Petition.  In his first ground, he raises a claim of ineffective assistance of appellate counsel.  In his second ground, he raises a claim of ineffective assistance of trial counsel.  In his Reply, Petitioner concedes that grounds three, four, and five should be denied. Reply at 6.  Therefore, the Court finds grounds three, four, and five are due to be denied.

## II.   EVIDENTIARY HEARING

"In a habeas corpus proceeding, the burden is on the petitioner to establish the need for an evidentiary hearing."  Jones v. Sec'y, Fla. Dep't of Corr., 834 F.3d 1299, 1318 (11th Cir. 2016) (citations omitted), cert. denied, 137 S. Ct. 2245 (2017).  To be entitled to an evidentiary hearing, a petitioner must allege "facts that, if true, would entitle him to relief."  Martin v. United States, 949 F.3d 662, 670 (11th Cir.) (quoting Aron v. United States, 291 F.3d 708, 715 (11th Cir. 2002)) (citation omitted), cert. denied, 141 S. Ct. 357 (2020). See Chavez v. Sec'y, Fla. Dep't of Corr., 647 F.3d 1057, 1060 (11th Cir. 2011) (opining a petitioner bears the burden of establishing the need for an evidentiary hearing with more than speculative and inconcrete claims of need), cert. denied, 565 U.S. 1120 (2012); Dickson v. Wainwright, 683 F.2d 348, 351 (11th Cir. 1982) (same).

Of note, "[w]here a petitioner fails to allege sufficient facts to satisfy the prejudice prong of the Strickland[2] standard, it is unnecessary to hold an evidentiary hearing to resolve disputed facts relating to the allegedly deficient performance of trial counsel." Barksdale v. Dunn, No. 3:08-CV-327-WKW, 2018 WL 6731175, at *108 (M.D. Ala. Dec. 21, 2018) (not reported in F. Supp.) (citing Bester v. Warden, 836 F.3d 1331, 1339-40 (11th Cir. 2016)), cert. denied, 2021 WL 1520857 (U.S. April 19, 2021) (No. 20-6498). Furthermore, if the allegations are contradicted by the record, patently frivolous, or based upon unsupported generalizations, the court is not required to conduct an evidentiary hearing. Martin, 949 F.3d at 670 (quotation and citation omitted). Here, the pertinent facts are fully developed in this record or the record otherwise precludes habeas relief; therefore, this Court can "adequately assess [Petitioner's] claim[s] without further factual development," Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), cert. denied, 541 U.S. 1034 (2004). Upon review, Petitioner has not met his burden as the record refutes the asserted factual allegations or otherwise precludes habeas relief; therefore, the Court finds Petitioner is not entitled to an evidentiary hearing.[3] Schriro v. Landrigan, 550 U.S. 465, 474 (2007).

---

2 Strickland v. Washington, 466 U.S. 668 (1984).

3 Of note, the circuit court conducted an evidentiary hearing on Petitioner's claim of ineffective assistance of trial counsel, a claim comparable to ground two of the Petition.

### III.   HABEAS REVIEW

Federal courts are authorized to grant habeas relief to a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Lee v. GDCP Warden, 987 F.3d 1007, 1017 (11th Cir. 2021) (quoting 28 U.S.C. § 2254), petition for cert. filed, (U.S. Sept. 22, 2021).   For issues previously decided by a state court on the merits, this Court must review the underlying state-court decision under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).   In doing so, a federal district court must employ a very deferential framework. Sealey v. Warden, Ga. Diagnostic Prison, 954 F.3d 1338, 1354 (11th Cir. 2020) (citation omitted) (acknowledging the deferential framework of AEDPA for evaluating issues previously decided in state court), cert. denied, 141 S. Ct. 2469 (2021); Shoop v. Hill, 139 S. Ct. 504, 506 (2019) (per curiam) (recognizing AEDPA imposes "important limitations on the power of federal courts to overturn the judgments of state courts in criminal cases").

Thus, "[u]nder AEDPA, a court cannot grant relief unless the state court's decision on the merits was 'contrary to, or involved an unreasonable application of,' Supreme Court precedent, or 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" McKiver v. Sec'y, Fla. Dep't of Corr., 991 F.3d 1357, 1364 (11th

Cir. 2021) (citing 28 U.S.C. § 2254(d)(1)-(2)), <u>petition for cert. filed</u>, (U.S. Aug.

27, 2021).   The Eleventh Circuit instructs:

> A state court's decision is "contrary to" clearly established federal law if the state court either reaches a conclusion opposite to the Supreme Court of the United States on a question of law or reaches a different outcome than the Supreme Court in a case with "materially indistinguishable facts."   <u>Williams v. Taylor</u>, 529 U.S. 362, 412-13, 120 S. Ct. 1495, 146 L.Ed.2d 389 (2000).   "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle" from Supreme Court precedents "but unreasonably applies that principle to the facts of the prisoner's case."   <u>Id</u>. at 413, 120 S. Ct. 1495.

<u>Lee</u>, 987 F.3d at 1017-18.   Therefore, habeas relief is limited to those occasions

where the state court's determinations are unreasonable, that is, if no

fairminded jurist could agree with them.   <u>McKiver</u>, 991 F.3d at 1364.

This is a high hurdle, not easily surmounted.   If the state court applied

clearly established federal law to reasonably determined facts when

determining a claim on its merits, "a federal habeas court may not disturb the

state court's decision unless its error lies 'beyond any possibility for fairminded

disagreement.'"   <u>Shinn v. Kayer</u>, 141 S. Ct. 517, 520 (2020) (per curiam)

(quoting <u>Harrington v. Richter</u>, 562 U.S. 86, 103 (2011)).   Also, a state court's

finding of fact, whether a state trial court or appellate court, is entitled to a

presumption of correctness under 28 U.S.C. § 2254(e)(1). "The state court's factual determinations are presumed correct, absent clear and convincing evidence to the contrary." Sealey, 954 F.3d at 1354 (quoting 28 U.S.C. § 2254(e)(1)). See Hayes v. Sec'y, Fla. Dep't of Corr., 10 F.4th 1203, 1220 (11th Cir. 2021) (Newsome, Circuit Judge, concurring) (recognizing the universal requirement, applicable to all federal habeas proceedings of state prisoners, set forth in 28 U.S.C. § 2254(e)(1)). This presumption of correctness, however, applies only to findings of fact, not mixed determinations of law and fact. Brannan v. GDCP Warden, 541 F. App'x 901, 903-904 (11th Cir. 2013) (per curiam) (acknowledging the distinction between a pure question of fact from a mixed question of law and fact), cert. denied, 573 U.S. 906 (2014). Furthermore, the second prong of § 2254(d), requires this Court to "accord the state trial court [determination of the facts] substantial deference." Dallas v. Warden, 964 F.3d 1285, 1302 (11th Cir. 2020) (quoting Brumfield v. Cain, 576 U.S. 305, 314 (2015)), petition for cert. filed, (U.S. Feb. 27, 2021) (No. 20-7589). As such, a federal district court may not supersede a state court's determination simply because reasonable minds may disagree about the finding. Id. (quotation and citation omitted).

Finally, where there has been one reasoned state court judgment rejecting a federal claim followed by an unexplained order upholding that

judgement, federal habeas courts employ a "look through" presumption: "the federal court should 'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale. It should then presume that the unexplained decision adopted the same reasoning." Wilson v. Sellers, 138 S. Ct. 1188, 1192 (2018) (Wilson).

## IV.   INEFFECTIVE ASSISTANCE OF COUNSEL

Claims of ineffective assistance of counsel are "governed by the familiar two-part Strickland standard." Knight v. Fla. Dep't of Corr., 958 F.3d 1035, 1038 (11th Cir. 2020), cert. denied, 141 S. Ct. 2471 (2021).   Pursuant to this standard, "a defendant must show that (1) his counsel's performance was deficient and (2) the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984).   We need not address both prongs if a petitioner makes an insufficient showing on one prong.   Id. at 697, 104 S. Ct. 2052." Fifield v. Sec'y, Dep't of Corr., 849 F. App'x 829, 833 (11th Cir. 2021) (per curiam).

To prevail, a petitioner must successfully show his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" as well as show "the deficient performance prejudiced the defendant, depriving him of a 'fair trial, a trial

whose result is reliable.'"   Raheem v. GDCP Warden, 995 F.3d 895, 908 (11th

Cir. 2021) (quoting Strickland, 466 U.S. at 687).   Additionally,

> because "[t]he standards created by Strickland and §
> 2254(d) are both 'highly deferential,' . . . when the two
> apply in tandem, review is 'doubly' so.   Harrington [v.
> Richter, 562 U.S. 86, 105 (2011)] (internal citations
> and quotation omitted).   Thus, under § 2254(d), "the
> question is not whether counsel's actions were
> reasonable.   The question is whether there is any
> reasonable   argument   that   counsel   satisfied
> Strickland's deferential standard."   Id.

Tuomi v. Sec'y, Fla. Dep't of Corr., 980 F.3d 787, 795 (11th Cir. 2020), cert.

denied, 141 S. Ct. 1721 (2021).

Notably, a claim of ineffective assistance of appellate counsel is governed

by this same standard Strickland standard.   Tuomi, 980 F.3d at 795 (citing

Philmore v. McNeil, 575 F.3d 1251, 1264 (11th Cir. 2009)).   As in a claim of

ineffective assistance of trial counsel, failure to establish either prong of the

Strickland standard is fatal to a claim of ineffective assistance of appellate

counsel.   Id.

In applying the two-pronged standard established in Strickland, the

Court is mindful that appellate counsel may weed out weaker, although

meritorious arguments, as there is no duty under the Sixth Amendment to

raise every non-frivolous issue.   Overstreet v. Warden, 811 F.3d 1283, 1287

(11th Cir. 2016).   Regarding the prejudice prong, "[a]ppellate] [c]ounsel's

8

performance will be deemed prejudicial if we find that the neglected claim would have a reasonable probability of success on appeal." <u>Tuomi</u>, 980 F.3d at 795 (quoting <u>Philmore</u>, 575 F.3d at 1265) (internal quotation omitted).

## V.   EXHAUSTION AND PROCEDURAL DEFAULT

Petitioner, in his first ground for post-conviction relief, raises a claim of ineffective assistance of appellate counsel for failure to raise the issue of the trial court's failure to grant the motion to suppress interrogation statements. Petition at 4.   Respondents contend this claim was insufficiently pled and is now procedurally barred because Petitioner solely raised the claim as one of trial court error, not one of ineffective assistance of appellate counsel, in his state court proceeding.   Response at 13.

The doctrine of procedural default requires the following:

> Federal   habeas   courts   reviewing   the constitutionality of a state prisoner's conviction and sentence are guided by rules designed to ensure that state court judgments are accorded the finality and respect necessary to preserve the integrity of legal proceedings within our system of federalism. These rules include the doctrine of procedural default, under which a federal court will not review the merits of claims, including constitutional claims, that a state court declined to hear because the prisoner failed to abide by a state procedural rule. <u>See</u>, <u>e.g.</u>, <u>Coleman</u>,[4] <u>supra</u>, at 747-748, 111 S. Ct. 2546; <u>Sykes</u>,[5] <u>supra</u>, at

---

4  <u>Coleman v. Thompson</u>, 501 U.S. 722 (1991).

5  <u>Wainwright v. Sykes</u>, 433 U.S. 72 (1977).

> 84-85, 97 S. Ct. 2497. A state court's invocation of a procedural rule to deny a prisoner's claims precludes federal review of the claims if, among other requisites, the state procedural rule is a nonfederal ground adequate to support the judgment and the rule is firmly established and consistently followed. See, e.g., Walker v. Martin, 562 U.S. ----, ----, 131 S. Ct. 1120, 1127-1128, 179 L.Ed.2d 62 (2011); Beard v. Kindler, 558 U.S.----, ----, 130 S. Ct. 612, 617-618, 175 L.Ed.2d 417 (2009). The doctrine barring procedurally defaulted claims from being heard is not without exceptions. A prisoner may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law. See Coleman, 501 U.S., at 750, 111 S. Ct. 2546.

Martinez v. Ryan, 566 U.S. 1, 9-10 (2012).

A petition for writ of habeas corpus should not be entertained unless the petitioner has first exhausted his state court remedies. Castille v. Peoples, 489 U.S. 346, 349 (1989); Rose v. Lundy, 455 U.S. 509 (1982). A procedural default arises "when 'the petitioner fails to raise the [federal] claim in state court and it is clear from state law that any future attempts at exhaustion would be futile.'" Owen v. Sec'y, Dep't of Corr., 568 F.3d 894, 908 n.9 (11th Cir. 2009) (quoting Zeigler v. Crosby, 345 F.3d 1300, 1304 (11th Cir. 2003)), cert. denied, 558 U.S. 1151 (2010).

There are, however, allowable exceptions to the procedural default doctrine; "[a] prisoner may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law."

10

Martinez, 566 U.S. at 10 (citing Coleman, 501 U.S. at 750).   To demonstrate cause, a petitioner must show some objective factor external to the defense impeded his effort to properly raise the claim in state court.   Wright v. Hopper, 169 F.3d 695, 703 (11th Cir.), cert. denied, 528 U.S. 934 (1999).   If cause is established, a petitioner must demonstrate prejudice.   To demonstrate prejudice, a petitioner must show "there is at least a reasonable probability that the result of the proceeding would have been different had the constitutional violation not occurred."   Owen, 568 F.3d at 908.

Alternatively, a petitioner may obtain review of a procedurally barred claim if he satisfies the actual innocence "gateway" established in Schlup v. Delo, 513 U.S. 298 (1995).   The gateway exception is meant to prevent a constitutional error at trial from causing a miscarriage of justice and conviction of the actually innocent.   Kuenzel v. Comm'r, Ala. Dep't of Corr., 690 F.3d 1311, 1314 (11th Cir. 2012) (per curiam) (quoting Schlup, 513 U.S. at 324), cert. denied, 569 U.S. 1004 (2013).

After considering the state court record, the Court is convinced Petitioner adequately presented a claim of ineffective assistance of appellate counsel in his pro se petition for writ of habeas corpus.   He raised a claim of ineffective assistance of appellate counsel in the state courts through a state

writ of habeas corpus petition.[6]   Ex. KK at 10-11; Ex. MM.   He entitled the relevant section of the petition: Rule 9.141(d), Ineffective Assistance of Appellate Counsel (IAAC).   Ex. KK at 10.   He states, "Appellant presents six issues in support of the proposition that court appointed appellant [sic] counsel prejudicially overlooked and did not include in Appellant's initial brief."   Id. at 11.   In his sixth issue, Petitioner alleged, "appellant [sic] counsel pretty much failed to hold the day for it is quite obvious that the material legal issue was that of Det. Mamo violating Appellant's request to return to his cell, for the inference of this repeated request was that Appellant no longer wished to talk[.]" Id. at 47.   Petitioner asserts his appellate counsel failed to advance the issue in initial briefing.   Id.

The Fifth District Court of Appeal (5th DCA), in its April 9, 2014 opinion, stated "the Petition for Ineffective Assistance of Counsel, filed October 18, 2013, is denied."   Ex. PP.   The 5th DCA also denied Petitioner's request for rehearing and clarification.   Ex. SS.       Therefore, the Court concludes the

---

6 Petitioner entitled his state petition, "Appellant Motions for Declaratory Ruling Upon the Presence of Prejudicial Representation by Court Appointed Appellate Attorney and Proceeding to Determine Material Legal Issues."   Ex. KK.   He immediately referenced "appellate counsel's unprofessional and prejudicial representation" in the body of the petition. Id. at 2.   He specifically raised a claim of ineffective assistance of appellate counsel for failure to raise matters that appeared on the face of the record.   Id. at 10.

claim of ineffective assistance of appellate counsel is exhausted and is not procedurally defaulted.

## VI.   GROUND ONE

To prevail on a claim of ineffective assistance of appellate counsel, the burden is heavy.   The Petitioner must:

> first show that his counsel was objectively unreasonable, see Strickland, 466 U.S., at 687-691, 104 S. Ct. 2052, in failing to find arguable issues to appeal-that is, that counsel unreasonably failed to discover nonfrivolous issues and to file a merits brief raising them. If [a petitioner] succeeds in such a showing, he then has the burden of demonstrating prejudice. That is, he must show a reasonable probability that, but for his counsel's unreasonable failure to file a merits brief, he would have prevailed on his appeal. See id., at 694, 104 S. Ct. 2052 (defendant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different").

Smith v. Robbins, 528 U.S. 259, 285-86 (2000).

Here, Petitioner has not satisfied the Strickland requirements with respect to his claim of ineffective assistance of appellate counsel.   The 5th DCA did not misapply Strickland in denying this claim.   As the state court reasonably applied federal law to those facts in rejecting the claim of ineffective assistance of appellate counsel, Petitioner is not entitled to habeas relief.   In sum, Petitioner has not shown the 5th DCA decided this claim in a manner

contrary to <u>Strickland</u>, or that the 5th DCA's application of <u>Strickland</u> was objectively unreasonable.

Therefore, the state court's ruling is entitled to AEDPA deference.   Its decision is not inconsistent with Supreme Court precedent, and the state court's adjudication of this claim is not contrary to or an unreasonable application of <u>Strickland</u> or based on an unreasonable determination of the facts.

The record shows appellate counsel filed a brief raising two issues: (1) the battery convictions are subsumed within the burglary with an assault or battery or while armed or becoming armed and violate double jeopardy principles; and (2) the trial abused its discretion to admit Appellant's unduly prejudicial statement to police that "you got me for the rest of my life" when it was unclear if the comment referred to current charges or other potential criminal charges.   Ex. H at i.   The 5th DCA per curiam affirmed.   Ex. K. The mandate issued on May 25, 2012.   Ex. L.

This Court is not convinced that appellate counsel performed deficiently for failure to raise the issue concerning the trial court's failure to grant the motion to suppress.   Petitioner has failed to show a reasonable probability the outcome of the direct appeal would have been different had appellate counsel argued as Petitioner's suggests appellate counsel should have on direct appeal.

The record shows the trial court denied the motion to suppress after conducting an evidentiary hearing, hearing argument, considering the evidence, and listening to the DVD of the interrogation.   Ex. D at 3.   The judge found, "on the one question where he was actually asked after repeatedly talking about he wanted to go back to his cell, he indicated no."   Id. at 4.   As such, the court, after considering the entire interrogation, was not convinced Petitioner invoked his right to remain silent such that the court should suppress the statements.

Upon the filing of Petitioner's state petition for writ of habeas corpus, Ex. KK, the 5th DCA reviewed Petitioner's argument concerning Petitioner's contention that his appellate counsel should have raised the issue of appellate counsel's failure to raise the issue of the denial of the motion to suppress in the appellate brief, and the 5th DCA summarily rejected the claim, thus making its determination that no appellate relief would have been forthcoming on this ground.   Ex. PP.   Therefore, Petitioner has not shown a reasonable probability the outcome of his direct appeal would have been different had appellate counsel argued as Petitioner suggests appellate counsel should have argued on direct appeal.

In conclusion, the denial of relief on the ineffective assistance of appellate counsel claim was neither contrary to, nor an unreasonable

application of <u>Strickland</u>. Therefore, Petitioner is not entitled to habeas relief on ground one.

## VII. GROUND TWO

In ground two of the Petition, Petitioner raises a claim of ineffective assistance of trial counsel for failure to adequately cross-examine Officer Marmo at a suppression hearing when impeachment statements were readily available to counsel. Petition at 7. He raised a comparable claim in ground twelve of his motion for postconviction relief.[7] Ex. V at 34-37. The circuit court conducted an evidentiary hearing and Petitioner was represented by counsel, Linda G. Sasser. Ex. Z. Petitioner, his mother, Aimee Erlacher Nichols, and Petitioner's trial counsel, John Morris, testified.

Applying the <u>Strickland</u> standard, the circuit court denied this claim of ineffective assistance of trial counsel in a thorough and reasoned decision. Ex. AA at 3, 8-15. Petitioner appealed the denial of post-conviction relief. Ex. BB; Ex. CC; Ex. DD. In its December 11, 2018 opinion, the 5th DCA affirmed per curiam. Ex. EE. The mandate issued on February 5, 2019. Ex. HH.

In his Petition, Petitioner points to three statements from the interrogation he contends counsel should have utilized to impeach Officer

---

[7] The circuit court assigned designated claim numbers in its Order on Motion for Postconviction Relief. Ex. Y; Ex. Z at 4.

Marmo at the March 9, 2011 suppression hearing.   Petition at 7.   The three statements are: (1) "I told you at the time, I'm not-you know, and <u>I didn't' want to talk</u>, and you said that you'd respect that[;"] (2) "Okay.   And for the record, you're-you no longer want to talk to me about this crime of sexual battery and aggravated battery that occurred tonight?   Right?   You don't want to talk to me about that crime?   I've got to ask you."   [Response from Petitioner] "<u>No</u>[;]" and (3) "I'm talking to you . . . a little bit more than what I really wanted to. Because even when I came in here, I told that other gentleman that I just wanted to go to the cell.   And I talked to you because you were decent, <u>but that doesn't mean that I still want to keep talking</u>.   Because the truth is, I still do want to go back to the cell."   <u>Id</u>.

Petitioner complains that his counsel failed to use the available recorded interrogation to impeach Officer Marmo's testimony, and if counsel had done so, it would have been made clear to the court that Petitioner made multiple statements invoking his right to silence and Marmo's testimony during the suppression hearing would have been shown to be inconsistent with the DVD of the interrogation.   <u>Id</u>. at 8.   As such, Petitioner contends, had counsel performed as Petitioner's suggests he should have performed, the motion to suppress would have been granted and illegally obtained statements would not have been presented to the jury.   <u>Id</u>.

The record demonstrates the following.   Petitioner had counsel, Ms. Sasser, at the evidentiary hearing.   At the inception of the evidentiary hearing, she provided the court with a copy of the written transcript of the interrogation.   Ex. Z at 13.   During the proceeding, Ms. Sasser acknowledged that Judge Berger listened to the DVD prior to ruling on the motion to suppress.   Id. at 51.   Ms. Sasser said Judge Burger stated prior to denying the motion to suppress, she had listened to the DVD.   Id. at 54.   Petitioner testified at the hearing and said Detective Marmo committed perjury on the stand, and his counsel should have said let us look at the DVD and let us play it to impeach Marmo's testimony.   Id. at 114.

Petitioner's trial counsel, John Morris, testified he was experienced counsel, practicing law since 1978 and doing criminal defense work since 1979. Id. at 125-26.   Mr. Morris attested he filed a motion to suppress in which he asserted Petitioner had invoked his right to remain silent prior to making certain statements.   Id. at 130.   Mr. Morris remembered having a DVD of the interrogation, he knew that the judge was going to review the DVD, but he could not recall why he did not use the DVD to cross-examine Detective Marmo during the suppression hearing.   Id. at 134.   Mr. Morris said Judge Berger actually reviewed the DVD prior to rendering her decision.   Id.

During closing argument of the evidentiary hearing, the court asked if the DVD was viewed by the trial judge before she made her determination, and Ms. Sasser responded, "[t]hat's correct." Id. at 148.  Ms. Sasser confirmed no written order was entered on the motion to suppress. Id. at 150.

During closing argument, the state pointed out that defense counsel filed a motion to suppress and raised the issue the Petitioner had invoked his right to remain silent during the interrogation. Id. at 161-62.  The state argued that the record shows, "Mr. Morris interrogated the officer on cross-examination[.]" Id. at 164.  Defense counsel provided the post-conviction court with a transcript of the interview and the court took the matter under advisement. Id. at 166-67.

Indeed, upon review, Mr. Morris did file a Motion to Suppress.  Ex. B. He sought to suppress any statements made by Petitioner during an interrogation with the St. Johns Sheriff's Department conducted on April 14, 2010. Id. at 1.  Mr. Morris asserted that the statements were obtained illegally "during an improper interrogation conducted after Defendant asserted his right to remain silent, as guaranteed by the Fifth and Fourteenth Amendment[s] to the United States Constitution." Id.

In support, Mr. Morris explained, after a few minutes of conversation between Detective Marmo and Petitioner, Petitioner said he did not want to

19

continue talking and asked to be taken to his cell.  Id.  At that point, Mr. Morris related, Detective Marmo advised Petitioner of his rights, including the right to remain silent.  Id. at 1-2.  Mr. Morris further noted, that although Detective Marmo acknowledged that Petitioner wished to return to his cell, the detective continued to question Petitioner.  Id. at 2.  Mr. Morris said, at that point in time, Petitioner reasserted his desire to return to his cell and then said, 'If I tell you something, they might put me on watch, so I'm not going to tell you something."  Id.  Mr. Morris noted, although Petitioner asked to be taken back to his cell approximately five times, Detective Marmo waited until after the fifth time to terminate the interrogation.  Id.

Mr. Morris argued that Petitioner invoked his right to remain silent. Id.  Mr. Morris explained: "Detective Marvo [sic] acknowledged Defendant's request to return to his cell, indicated that he was going to respect that decision, but did not terminate the interrogation after that request."  Id.  Mr. Morris reiterated that Petitioner invoked his right to remain silent, and he did not have to use unequivocal and unambiguous language to do so.  Id. at 3. Mr. Morris said if there was any unclarity in Petitioner's request to terminate the interview and return to his cell, Detective Marmo was obliged to seek clarification before proceeding with further questions.  Id.

At the suppression hearing, the state called Deputy Michael Solon Soles, who attested that he advised Petitioner of his constitutional rights upon taking Petitioner into custody.   Ex. C at 13-15.   Additionally, Deputy Soles testified to the following.   Upon inquiry, Petitioner confirmed he understood his rights. Id. at 16.   Petitioner told Deputy Soles he did not want to talk in the patrol car, but he would be willing to talk at the Sheriff's Office upon the removal of hand restraints.   Id.   Petitioner never asked to speak to an attorney in the presence of Deputy Soles.   Id. at 17.   Finally, Petitioner never said he did not want to speak with the officers.   Id. at 18.

Thereafter, the state called Detective Thomas Marmo.   Id. at 28.   After speaking to Petitioner for a brief time, Detective Marmo said he advised Petitioner of his constitutional rights.   Id. at 36-37.   The prosecutor showed Detective Marmo Florida Exhibit C, a copy of the interview with Petitioner. Id. at 41.   The state moved the exhibit into evidence as Florida's Exhibit 3. Id. at 42.   Detective Marmo denied that Petitioner ever said, "I don't want to talk[.]" Id. at 48.   Detective Marmo testified Petitioner never said he did not want to talk to him, but Petitioner did mention he was tired and wanted to go back to his cell.   Id.

At one point during the hearing, the prosecutor objected, asserting a question was outside the scope of the motion.   Id. at 52.   The prosecutor

explained, "the defendant's motion alleges that his right to remain silent was violated, and that to the extent that the statements were ambiguous, Detective Marmo had a duty to clarify the defendant's statements." <u>Id</u>. at 52-53.   The court reminded defense counsel to stick "to what the motion is." <u>Id</u>. at 53.

In closing argument, the prosecutor asserted that the state established that the defendant's statements: "were not in violation of the defendant's right to remain silent." <u>Id</u>. at 58.   The prosecutor noted, "Your Honor will review the video and will see the sequence of the statements and when the statements were made and the context of each statement." <u>Id</u>. at 59.   The prosecutor also referenced recent case law on the right to remain silent. <u>Id</u>. at 60.   Further, the prosecutor argued the deputy had no duty to clarify. <u>Id</u>. at 62.

Mr. Morris, in closing argument, submitted that, when the court reviews the tape, the court will hear, over six times, Petitioner stating he did not want to talk about it, he wanted to go to his cell, and he was tired. <u>Id</u>. at 63-64. The court stated: "the video obviously will speak for itself of what was said." <u>Id</u>. at 64.   Mr. Morris confirmed that was the case. <u>Id</u>.

Ore tenus, the trial court denied the motion.   Ex. D at 3.   The judge said she had reviewed everything and listened to the tape of the interrogation. <u>Id</u>.   Significantly, she stated, "on the one question where he was actually asked after repeatedly talking about he wanted to go back to his cell, he

22

indicated no." Id. at 4. Consequently, she denied the motion to suppress.
Id.

The circuit court, applying the applicable Strickland standard, denied
post-conviction relief. Ex. AA at 3. First, the court summarized Petitioner's
claim:

> In claim twelve, Defendant asserts his trial
> counsel failed to prepare for and/or impeach witnesses
> at the March 9, 2011 Motion to Suppress hearing.
> Defendant asserts his trial counsel did not use the
> transcript of the April 14, 2010 interview to impeach
> Detective Marmo during the suppression hearing.
> Defendant states his trial counsel did not argue that
> Defendant's statements were the result of police
> misconduct and that Defendant had verbally
> terminated the interview multiple times. Defendant
> asserts that his counsel's failure "allowed Detective
> Marmo to get clearly away with committing perjury on
> the stand." In his motion, Defendant identifies the
> following alleged false testimony by Detective Marmo:
> 1) Defendant never told him that he did not want to
> talk to him; 2) Defendant never said he did not want
> to talk about Mrs. [  ] and Ms. Wango; 3) Defendant
> was given every opportunity to stop the questions and
> never asked for termination. Defendant asserts that
> but for counsel's alleged failure, Defendant's Motion to
> Suppress would have been granted.

Id. at 8-9.

The circuit court fully considered Petitioner's claim and denied it on its
merits. Id. at 13-15. Of import, after reiterating Petitioner's contentions, the
court pointed out that the trial judge stated she listened to the recording of the

23

interview, said she was aware of everything that took place, and still denied the motion to suppress.  Id. at 14.  In denying relief, the circuit court noted counsel "was clearly familiar with the contents of the interview[,]" asked pertinent questions, and referenced specific statements made by both Petitioner and Detective Marmo.  Id. at 14-15.  As such, the circuit court rejected the contention that the trial court based its decision on perjured testimony as the trial judge listened to the entire interview before ruling.  Id. at 15.

In short, the circuit court held:

> Mr. Morris filed a Motion to Suppress on the ground that Defendant invoked his right to remain silent.  Mr. Morris thoroughly cross-examined Detective Marmo at the hearing.  The trial court addressed whether Defendant invoked his right to remain silent during the interview and determined that he did not.  (App. A).  The trial court acknowledged that Defendant stated he wanted to go back to his cell, but then observed that he ultimately did not.  When reviewing the interview, the trial judge was able to decide for herself whether Detective Marmo answered truthfully and there is no reason to believe that attempting to further impeach Detective Marmo with the transcript of the interview would have been successful.  For these reasons, Defendant has not established deficient performance or prejudice and this portion of claim twelve will be denied.

Ex. AA at 15.  The 5th DCA affirmed the decision of the circuit court.  Ex. EE.

24

In failing to satisfy the performance or prejudice prong of <u>Strickland</u>, Petitioner's claim of ineffective assistance of counsel will not prevail.   The record confirms Petitioner had very experienced counsel.   "When courts are examining the performance of an experienced trial counsel, the presumption that his conduct was reasonable is even stronger."   <u>Hardwick v. Benton</u>, 318 F. App'x 844, 846 n.2 (11th Cir. 2009) (per curiam) (quoting <u>Chandler v. United States</u>, 218 F.3d 1305, 1316 (11th Cir. 2000)).   There is a strong presumption that an experienced trial counsel's performance is not ineffective, and here, the state court, in denying relief, found Petitioner failed to overcome the presumption of effective performance accorded to his counsel.

Upon review, trial counsel's performance was well within the broad range of reasonable assistance under prevailing professional norms. <u>Strickland</u>.   Mr. Morris filed a motion to suppress raising the claim that Petitioner had invoked his right to remain silent and the deputy ignored the invocation and continued to interrogate Petitioner without seeking clarification.   At the hearing on the motion to suppress, counsel effectively cross-examined the witnesses and presented argument in support of the motion.   Mr. Morris knew the trial court had a copy of the interrogation to review and the DVD to listen to prior to making its ruling.   The court acknowledged that it had reviewed the evidence and listened to the DVD prior

to entering its ruling.   As counsel had performed within the bounds of reasonable assistance, the trial court was well-informed before making its ruling on the motion to suppress.

Petitioner also failed to satisfy the prejudice prong of <u>Strickland</u>.   Mr. Morris's performance did not so undermine the proper functioning of the adversarial process that Petitioner was deprived of a fair trial.   Although Mr. Morris could have done something different at the suppression hearing, "the issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'"   <u>Chandler v. United States</u>, 218 F.3d 1305, 1313 (11th Cir. 2000) (quoting <u>Burger v. Kemp</u>, 483 U.S. 776, 794 (1987)), <u>cert. denied</u>, 531 U.S. 1204 (2001).   Here, Petitioner has failed to demonstrate counsel's performance prejudiced Petitioner's defense through counsel's failure to impeach Detective Marmo's testimony by using the recorded interrogation.

In denying post-conviction relief, the trial court properly applied the two-pronged <u>Strickland</u> standard of review.   Thus, Petitioner cannot satisfy the "contrary to" test of 28 U.S.C. § 2254(d)(1) as the state court rejected these claims based on <u>Strickland</u>.   Further, Petitioner has not shown the state court unreasonably applied <u>Strickland</u> or unreasonably determined the facts. Indeed, upon review, the state court was objectively reasonable in its <u>Strickland</u> inquiry.   Furthermore, the 5th DCA affirmed.

26

The 5th DCA's decision, although unexplained, is entitled to AEDPA deference.   Applying the look through presumption described in <u>Wilson</u>, the state's court's ruling is based on a reasonable determination of the facts and a reasonable application of the law.   The Court finds the state court's adjudication of this claim is not contrary to or an unreasonable application of <u>Strickland</u> and its progeny or based on an unreasonable determination of the facts.

As the threshold standard of <u>Strickland</u> has not been met, Petitioner has failed to demonstrate that his state court proceeding was fundamentally unfair and his counsel ineffective.   Thus, Petitioner has failed to demonstrate a Sixth Amendment violation under the United States Constitution.   The Court concludes Petitioner is not entitled to habeas relief on ground two of the Petition.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1.     The Amended Petition for Writ of Habeas Corpus (Doc. 6) is **DENIED**.

2.     This action is **DISMISSED WITH PREJUDICE**.

3.     The **Clerk** shall enter judgment accordingly and close this case.

4.      If Petitioner appeals the denial of his Amended Petition (Doc. 6), **the Court denies a certificate of appealability**.[8]   Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case.   Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 5th day of October, 2021.

_____
BRIAN J. DAVIS
United States District Judge

sa 10/1
c:
Joseph E. Nichols, Jr.
Counsel of Record

---

[8] This Court should issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2).   To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).   Upon due consideration, this Court will deny a certificate of appealability.